972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie CONTRERAS, Defendant-Appellant.
 No. 91-50234.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Submission withdrawn May 7, 1992.
Resubmitted June 12, 1992.
Decided Aug. 6, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frankie Contreras was convicted of a conspiracy to posses phencyclidine (PCP) with intent to distribute, in violation of 21 U.S.C. §§ 841(a) & 846, and sentenced to 292 months imprisonment. He appeals his sentence. We vacate and remand.
 
 
 3
 * At sentencing the district court calculated appellant's base offense level as 32. Because the district court determined, however, that appellant is a career offender within the meaning of U.S.S.G. § 4B1.1, the court enhanced the base offense level to 37 as required by that section.
 
 
 4
 Appellant first challenges the district court's determination that he is a career offender. Under section 4B1.1, a defendant is a career offender for purposes of the Sentencing Guidelines if "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." It is undisputed that the first two requirements of section 4B1.1 are met in this case. The sole question is whether the district court was correct in concluding that appellant had "two prior convictions of either a crime of violence or a controlled substance offense."
 
 
 5
 In determining that appellant is a career offender, the district court relied on two prior convictions. One of those convictions was for being a felon in possession of a firearm. In United States v. O'Neal, 937 F.2d 1369, 1375 (9th Cir.1990), in interpreting the 1988 version of the Sentencing Guidelines, we had concluded that being a felon in possession of a firearm is a crime of violence within the meaning of section 4B1.1. The district court in this case thought it was bound by O'Neal.
 
 
 6
 On November 1, 1989, however, section 4B1.1 of the Guidelines was amended. In United States v. Sahakian, No. 91-10199, slip. op. at 5975 (9th Cir. May 26, 1992), we interpreted the revised section. We concluded that the "conviction of being a felon in possession is not a conviction of a crime of violence under the 1989 amendment." Id. at 5980.
 
 
 7
 Appellant was first sentenced on November 6, 1989 and then resentenced on February 11, 1991.[1] It is uncontested that, unless the guideline in effect at the time the crime was committed is more favorable to defendants, see Miller v. Florida, 482 U.S. 423 (1987), the guideline in effect at the time of the sentencing controls. United States v. Cambra, 933 F.2d 752, 754 n. 3 (9th Cir.1991) (relying on 18 U.S.C. § 3553(a)(4)). Regardless of whether we view November 6, 1989 or February 11, 1991 as the date of sentencing, Cambra requires that we apply the 1989 amendment. Accordingly, we conclude that the district court erred in determining that appellant is a career offender within the meaning of section 4B1.1 of the Guidelines.
 
 II
 
 8
 Appellant next argues that he was prejudiced by his prior criminal history because it overrepresents his criminality. In essence, appellant contends that the district court ought to have departed down for criminal history overrepresentation. Appellant urged the district court to do so at sentencing. The district court was aware that it had the discretion to depart down for criminal history overrepresentation, but declined to do so. [ER 34-35]. Because we lack jurisdiction to review a district court's discretionary refusal to depart, see United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990), appellant's argument must necessarily fail.
 
 III
 
 9
 Appellant next argues that the Guidelines provisions which led to his unadjusted base offense level of 26 were irrational and violated due process. While we do not agree with this claim, we hold that the district court was authorized to consider a downward departure under the unique circumstances of this case.
 
 
 10
 Appellant pled guilty to Count One of a five-count indictment, charging conspiracy to possess 241 grams of PCP with intent to distribute. The PCP was dissolved in a liquid mixture weighing a total of 1547.5 grams. The applicable Guidelines section, U.S.S.G. § 2D1.1(a)(3), directs the district court to look to the Drug Quantity Table at U.S.S.G. § 2D1.1(c). Section 2D1.1(c)(6), in turn, requires a base offense level of 32 for possession with intent to distribute either 241 grams of pure PCP or 1547.5 grams of PCP in a mixture.[2] The district court correctly assigned appellant a base offense level of 32.
 
 
 11
 The irrationality of the sentencing scheme, according to appellant, rests on the fact that his base offense level would have been lower had he also been responsible for a small quantity of some other controlled substance. When different controlled substances are combined to obtain a single offense level, Application Note 10 to section 2D1.1 directs the court to the Drug Equivalency Table, set out in the Application Note. The Equivalency Table, at the time of appellant's offense, contained an ambiguity: as in the Drug Quantity Table, one gram of pure PCP was equivalent to ten grams of heroin and one gram of PCP in a mixture was equivalent to one gram of heroin; unlike the Drug Quantity Table, however, the Equivalency Table additionally equated one gram of "liquid PCP" with 0.1 gram of heroin.[3]
 
 
 12
 To demonstrate the irrational operation of the Drug Equivalency and Drug Quantity Tables, appellant compares his sentence to that of co-defendant Avila-Cruz. Avila-Cruz was convicted after trial on all five counts of the indictment, including possession with intent to distribute and conspiracy to possess with intent to distribute the same PCP for which appellant was sentenced, as well as three counts of distributing PCP within 1000 feet of a school. Because a search of his house revealed 242 grams of marijuana, Avila-Cruz was sentenced under the Drug Equivalency Table. The sentencing judge found that the Drug Equivalency Table led to a base offense level of both 32 (treating the PCP as 241 grams of pure PCP or 1547.5 grams of PCP in a mixture) and 26 (treating the PCP as 1547.5 grams of liquid PCP). The government offered no explanation for the disparity, agreeing that it was a glitch for which there was no adequate explanation. The government explained that it had no objection to giving the lower offense level to defendants who pled guilty, but that it sought the higher level for defendants who proceeded to trial.[4] Giving the defendant the benefit of a perceived ambiguity, the sentencing judge imposed a base offense level of 26 on Avila-Cruz, leading to a sentence of 121 months. The judge noted that he believed the sentence was too lenient, and specifically stated that he "would hope that the Government could get this sentence reversed." Despite this encouragement, the government did not appeal Avila-Cruz' sentence.
 
 
 13
 Appellant, understandably perturbed by Avila-Cruz' much lower sentence, argues that the disparity shows that the pre-1989 Guidelines scheme for offenses involving PCP was irrational. The government concedes that the disparity is anomalous, but argues that it is mandated because appellant was properly sentenced under the Drug Quantity Table while Avila-Cruz was subject to the Drug Equivalency Table. Were we to agree that the Guidelines required this disparity, we would have to conclude that the sentencing scheme offended due process. We conclude that the pre-1989 sentencing scheme for PCP was valid, however, because the Guidelines, properly construed, did not require different offense levels for Avila-Cruz and Contreras.
 
 
 14
 We reach this conclusion based on the fact that the Drug Quantity Table is part of the text of Guideline section 2D1.1, while the Drug Equivalency Table is only part of the commentary to that section. We have previously held that the commentary, while it "is entitled to considerable weight, ... cannot be treated as equivalent to the guidelines themselves." United States v. Anderson, 942 F.2d 606, 612 (9th Cir.1991) (en banc). "[B]ecause the commentary is not equal to the guidelines, in the unusual case in which the commentary and a guideline cannot be construed consistently, the text of the guideline must prevail." Id.
 
 
 15
 The equation of 1 gram liquid PCP with 0.1 gram heroin in the pre-1989 Drug Equivalency Table, besides being internally inconsistent, was inconsistent with the Drug Quantity Table, which treated one gram of PCP in a mixture or 0.1 gram of pure PCP as equivalent to one gram of heroin. We see no way to reconcile the two, and conclude that the Drug Quantity Table must prevail. Consequently, we are of the view that Avila-Cruz, like Contreras, should have been assigned an offense level of 32. Because the Guidelines do not, in fact, require different sentences for these similarly-situated offenders, they do not violate due process.
 
 
 16
 We have already determined that Contreras' sentence must be remanded because he was mistakenly sentenced as a career offender. On remand, the district court may consider a downward departure on the basis of the anomalous disparity between Contreras' and Avila-Cruz' sentences. We recognize that the bare desire to equalize co-defendants' sentences does not provide a basis for departure from the guidelines. United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). Under certain "highly unusual" circumstances, however, where one similarly situated co-defendant is sentenced under the guidelines while others are "sentenced under a different legal regime," we have allowed downward departure to equalize sentences. United States v. Ray, 930 F.2d 1368, 1372 (9th Cir.1990); United States v. Boshell, 952 F.2d 1101, 1108 (9th Cir.1991).
 
 
 17
 We are persuaded that the unique circumstances of this case bring it within the category for which departure is allowed. Co-defendant Avila-Cruz was essentially, albeit erroneously, sentenced outside the guidelines range. In all relevant respects, appellant and Avila-Cruz were similarly situated, except that Avila-Cruz was responsible for additional quantities of drugs. We do not, of course, hold that the improper sentence of one defendant generally provides grounds for departure in sentencing co-defendants. The error in this case, however, was the result of an anomalous and confusing provision in the commentary to the guidelines. That provision was removed in 1989, when the Sentencing Commission recognized that it was simply incorrect. Even the Assistant U.S. Attorney who represented the government at the sentencing hearings for Avila-Cruz and Contreras conceded that the Guidelines were opaque and offered virtually no assistance in their construction. Furthermore, despite the express invitation of the sentencing judge, the government chose not to appeal Avila-Cruz' sentence, thus effectively precluding its correction.
 
 
 18
 Under these unique circumstances, we hold that, although Contreras must be assigned a base offense level of 30 (32 minus the two-point acceptance of responsibility reduction which the district court granted), the court is free to consider a departure below a base offense level of 30 based on the disparity between Contreras' offense level and the offense level assigned to Avila-Cruz.
 
 
 19
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant appealed his November 6, 1989 sentence. We vacated and remanded for reasons that are not relevant here. Appellant was resentenced on February 11, 1991
 
 
 [2]
 Section 2D1.1(c)(6) was unchanged from the time of appellant's offense to his sentencing
 
 
 [3]
 This anomaly was corrected in the November 1989 amendments to the Guidelines. See Guidelines Manual, Amendment 131, App. C. The Sentencing Commission noted that "[t]he purpose of this amendment is to delete an incorrect equivalency." Id
 
 
 [4]
 We note, however, that the same Assistant United States Attorney who proffered this explanation at Avila-Cruz' sentencing argued against giving Contreras the benefit of the lower level, despite his guilty plea