983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harris Blane SHIMEL, Defendant-Appellant.
 No. 92-10041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Jan. 5, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harris Blane Shimel appeals his 188 month sentence for knowingly maintaining a place for the manufacturing of methamphetamine in violation of 21 U.S.C. § 856. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.
 
 I. BACKGROUND FACTS
 
 3
 On November 16, 1989, Shimel was arrested at the Yankee Jim Ranch in Alturas, California, where he had been working as a handyman. Shimel was found inside a cabin that housed a drug laboratory used to produce methamphetamine. Federal agents seized five gallons of P2P, thirty-seven pounds of phenyl acetic acid, and various drug paraphernalia from the cabin. Additionally, a loaded shotgun was seized from the room in which Shimel was found.
 
 
 4
 Shimel pled guilty to knowingly maintaining a place for the manufacturing of methamphetamine in violation of 21 U.S.C. § 856. He was sentenced on January 2, 1992 to 188 months imprisonment. Shimel alleges various errors in his sentencing. He contends that the district court erroneously sentenced him under Sentencing Guideline § 2D1.1, and that it erroneously increased his base offense level for possession of a firearm during a drug offense. Shimel also asserts that the district court erroneously rejected his requests for a downward departure based on sentence disparity and duress, and that it failed to exercise its discretion to depart downward based on his minimal participation. Shimel further contends that the presentence report exaggerated the productive capacity of the Yankee Ranch methamphetamine lab.
 
 II. ANALYSIS
 1. Application of § 2D1.1
 
 5
 Shimel contends that the district court erroneously sentenced him under Sentencing Guideline § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses)). We review de novo the district court's application of the Sentencing Guidelines. United States v. Cambra, 933 F.2d 752, 754 (9th Cir.1991).
 
 
 6
 A court may base a sentence on an offense more serious than the offense of conviction where the guilty plea contains a stipulation specifically establishing the more serious offense. Cambra, 933 F.2d at 755. See also United States v. Bos, 917 F.2d 1178, 1180-81 (9th Cir.1990) (where defendant pled guilty to mail fraud but plea agreement contained stipulation admitting arson, district court properly sentenced defendant under arson guideline); U.S.S.G. § 1B1.2(a).
 
 
 7
 In his plea agreement, Shimel specifically stipulated that the drug trafficking conspiracy underlying his guilty plea would be used to determine his base offense level under § 2D1.1. (Plea Agreement, at 2.) He further stipulated that the applicable sentencing range would be based on the capacity of the conspiracy to manufacture and distribute methamphetamine. Id. Additionally, when Shimel's guilty plea was entered on September 9, 1991, he agreed that pursuant to his plea agreement, the district court would apply the sentencing guideline corresponding to the drug trafficking conspiracy underlying his guilty plea (i.e., § 2D1.1) when determining his sentence. (Reporter's Transcript ("R.T."), at 4.)
 
 
 8
 The record clearly demonstrates that Shimel's guilty plea contained a stipulation establishing the more serious offense of conspiracy to drug traffic. Hence, the district court properly applied § 2D1.1 in determining his sentence.
 
 2. Possession of a Firearm
 
 9
 Shimel contends that the district court erroneously increased his offense level two points under Sentencing Guideline § 2D1.1(b)(1) for possession of a firearm during commission of a drug offense. We review the district court's finding that Shimel possessed a firearm during the commission of a drug offense for clear error. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991).
 
 
 10
 Under § 2D1.1(b)(1), a sentencing court must increase a base offense level by two points if "a firearm or other dangerous weapon was possessed during commission of the [drug] offense." See also Stewart, 926 F.2d at 900. This two-point enhancement should be applied unless it is "clearly improbable that the weapon was connected with the offense." § 2D1.1, comment (n. 3). See also Stewart, 926 F.2d at 900.
 
 
 11
 When Shimel was arrested, a loaded shotgun was found in the cabin where he was located. Furthermore, Shimel failed to present any evidence showing that it was clearly improbable that the shotgun was connected to his offense. (R.T. at 22.) In light of this record, we do not believe that the district court's finding that Shimel possessed a firearm during the commission of a drug offense was clearly erroneous. See, e.g., United States v. Heldberg, 907 F.2d 91, 94 (9th Cir.1990) (two-point increase under § 2D1.1(b)(1) appropriate where weapon located in close proximity during commission of drug offense).
 
 3. Sentence Disparity
 
 12
 Shimel contends that the district court erred when it refused his request for a downward departure based on sentence disparity. We have held, however, that a district court may not depart downward from the Guidelines to correct sentence disparity between codefendants. United States v. Reyes, 966 F.2d 508, 510 (9th Cir.), cert. denied, 113 S.Ct. 355 (1992). Hence, the district court properly refused Shimel's request.
 
 4. Duress
 
 13
 Shimel contends that the district court erred when it refused his request for a downward departure based on duress. We review for clear error the district court's finding that there was no duress. United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992). We do not have jurisdiction, however, to review the district court's discretionary decision not to depart downwardly from the Sentencing Guidelines. Morales, 972 F.2d at 1011.
 
 
 14
 The district court found that Shimel had failed to present any evidence of duress. (T.R. at 39.) The court further found that Shimel voluntarily accepted the handyman job at Yankee Ranch. (R.T. at 55.) In light of the record, we do not believe that the district court committed clear error when it found that Shimel did not act under duress. The district court's discretionary decision not to depart downward from the Guidelines based on this finding is not subject to review.
 
 5. Minimal Participation
 
 15
 The district court found that Shimel was a minimal participant in the methamphetamine production at Yankee Ranch. Consequently, it reduced his offense level by four points as provided for by Sentencing Guideline § 3B1.2. Shimel contends that the district court erroneously concluded that it lacked legal authority to grant Shimel's request for an additional downward departure based on his minimal participation. We review de novo whether the district court had legal authority to depart further downward. United States v. Fairless, 975 F.2d 664, 666 (9th Cir.1992).
 
 
 16
 A sentencing court may depart downward from the applicable Sentencing Guideline range if it finds "that there exists a[ ] ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). See also U.S.S.G. Ch. 1, Pt. A, 4(b); U.S.S.G. § 5K2.0.
 
 
 17
 The application notes to § 3B1.2 demonstrate that in formulating § 3B1.2, the Sentencing Commission adequately considered the kind and degree of participation in which Shimel engaged during the Yankee Ranch methamphetamine production. For instance, Application Note 2 provides that a downward adjustment under § 3B1.2 would be appropriate for "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment." This example closely parallels Shimel's role in the Yankee Ranch conspiracy to produce and distribute methamphetamine.
 
 
 18
 Hence, the district court properly concluded that the four-point downward departure provided for by § 3B1.2 was the exclusive means by which it could decrease Shimel's sentence based on his minimal participation. Contrary to Shimel's contention, the district court correctly determined that it lacked legal authority to depart downward in excess of the four level departure it had already made under § 3B1.2.
 
 6. Productive Capacity of Lab
 
 19
 Shimel contends that the district court should have reduced his base offense level from 36 to 34 because the presentence report exaggerated the productive capacity of the Yankee Ranch methamphetamine lab. At his sentencing, however, Shimel did not challenge this alleged inaccuracy in the presentence report. (R.T. at 55.) Shimel's failure to raise this issue before the district court waives his right to raise such issue on appeal. United States v. Lugan, 936 F.2d 406, 412 (9th Cir.1992).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3