47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter F. JEKOT, M.D., Defendant-Appellant.
 No. 93-50700.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1994.
Decided Feb. 24, 1995.
As Amended on Denial of Rehearing and Rejection of
Suggestion for Rehearing En Banc April 7, 1995.
 
 Before: SCHROEDER, FLETCHER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walter F. Jekot appeals his sentence following his guilty plea to one count of conspiracy to obtain and distribute anabolic steroids and human growth hormone (HGH). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court granted an evidentiary hearing on three contested issues, but denied Jekot's request for a hearing on all other contested issues. Reviewing for an abuse of discretion, United States v. Baker, 894 F.2d 1083 (9th Cir.1990), we agree with the district court's conclusion that an evidentiary hearing on all issues was unnecessary. There was extensive briefing on all aspects of the sentence, and the presentence report (PSR) was amended twice in response to Jekot's objections. A more extensive evidentiary hearing "would have served no purpose." Id. at 1085.
 
 
 4
 The district court's ultimate findings of fact satisfied Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. The district court made specific findings for those issues resolved in the evidentiary hearings; otherwise, it explicitly adopted the well-reasoned and thorough second amended PSR. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (Rule 32(c)(3)(D) satisfied by "adopting the conclusions in the PSR"). Moreover, Jekot has not persuaded us that any finding by the district court stemming from either the evidentiary hearing or the second amended PSR is clearly erroneous. United States v. Cambra, 933 F.2d 752, 754 (9th Cir.1991) ("We must 'accept the findings of fact of the district court unless they are clearly erroneous.' ") (quoting 18 U.S.C. Sec. 3742(e)).
 
 
 5
 The district court's finding that Jekot's conspiracy continued until February 1991--the terminus of the charged conspiracy--is not clearly erroneous. Although Jekot's plea statement admitted only to illegal conduct occurring prior to 1987, the PSR contained overwhelming evidence that Jekot continued to commit overt acts in furtherance of the conspiracy until February 1991. Accordingly, the district court did not err in applying the Sentencing Guidelines in imposing Jekot's sentence. See United States v. Kohl, 972 F.2d 294, 298 (9th Cir.1992) (holding guidelines applicable to conspiracy that endures beyond November 1, 1987). The district court correctly calculated Jekot's sentence using the guidelines in place at sentencing. USSG Sec. 1B1.11.[1] Jekot has not shown any ex post facto violation, because his sentence would be the same using the guidelines in effect in February 1991.
 
 
 6
 Jekot admitted to overt acts of smuggling black market steroids prior to 1987. The district court found that Jekot distributed steroids in violation of 21 U.S.C. Sec. 333(e) as part of the same conspiracy that continued until February 1991. The government may charge "certain types of fraudulent practices occurr[ing] at one period and other types at different periods" as a single conspiracy. Nye & Nissen v. United States, 336 U.S. 613, 617 (1949). Moreover, because Jekot committed overt acts in furtherance of the conspiracy after section 333(e) was enacted, his conspiracy was properly held to violate section 333(e) even though the statute was enacted after the inception of the conspiracy. See Rose v. United States, 149 F.2d 755, 757-58 (9th Cir.1945).
 
 
 7
 Jekot challenges almost every step the district court took in calculating his sentence. Reviewing the interpretation of the guidelines de novo and the findings of fact for clear error, Cambra, 933 F.2d at 754, we reject all of Jekot's challenges.
 
 
 8
 The district court found that Jekot conspired to violate 21 U.S.C. Sec. 353(b) by prescribing steroids without a genuine doctor-patient relationship. Jekot argues the district court erred in interpreting section 353(b) to require a doctor-patient relationship, and thus wrongly applied the fraud guideline, USSG Sec. 2F1.1, in computing Jekot's sentence.
 
 
 9
 We do not reach, and express no opinion on, Jekot's contention that the district court improperly interpreted 21 U.S.C. Sec. 353(b) as requiring a doctor-patient relationship. The district court properly applied Sec. 2F1.1, the fraud guideline, because Jekot pleaded guilty to a conspiracy count which included allegations of fraud. Jekot challenged the government's factual allegations at his sentencing hearing, and the district court found the factual allegations of fraud to be true. This finding is not clearly erroneous. Guideline Sec. 1B1.2(a) required the district court to apply the offense guideline section "most applicable to the offense of conviction." The district court did this when it applied Sec. 2F1.1, the fraud guideline, in sentencing Jekot.
 
 
 10
 We also conclude the district court properly used Jekot's violations of California law to calculate the dollar amount of his wrongdoing. United States v. Newbert, 952 F.2d 281, 284 (9th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992). Furthermore, the enhancements for violating an administrative order, risking serious bodily injury, leading an extensive scheme and abusing a position of trust are all supported by the evidence and were properly applied. Although Jekot argues that he was entitled to a sentencing reduction for acceptance of responsibility, the district court's denial of the requested reduction was appropriate in light of Jekot's continual denial, despite his guilty plea, of most of the criminal conduct alleged in the charged conspiracy.
 
 
 11
 Finally, we do not have jurisdiction to consider whether the district court should have departed downward. The district court recognized it had the authority to depart downward, but declined to do so. This determination is not reviewable. United States v. Jackson, 986 F.2d 312, 314 (9th Cir.1993).
 
 
 12
 Having reviewed the entire record of Jekot's sentencing, we find no error.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 All citations, unless otherwise noted, are to the United States Sentencing Commission, Guidelines Manual (Nov. 1993)