56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph OGUNDEKO, Defendant-Appellant.
 No. 94-50351.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1995.
Decided May 15, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant, Joseph Ogundeko ("Ogundeko"), appeals his conviction on 15 counts of conspiracy, credit card fraud, mail fraud, money laundering, unlawful possession of credit cards, and possession of counterfeit securities, in violation of 18 U.S.C. Secs. 371, 513, 1029, 1341, and 1956. Ogundeko claims that the police officers who initially arrested him without a warrant lacked probable cause to do so and that evidence derived from the arrest and attendant search should have been suppressed. He also contends there was insufficient evidence to convict him for possession of counterfeit securities. Finally, Ogundeko appeals his 51-month sentence claiming that the district court erred in applying the Sentencing Guideline for money laundering, rather than the Sentencing Guideline for fraud. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 The Arrest
 
 3
 The Government has the burden of proving that the warrantless arrest does not violate the Fourth Amendment. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir. 1988). We review the court's finding of probable cause de novo. Id. The existence of probable cause for the arrest is determined by examining a totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 9-10 (1989). Detective Dean had significant information that linked the users of certain mail boxes at a commercial mail box establishment, Mail Boxes, Etc., to a credit card fraud scheme. The manager of Mail Boxes, Etc., had been working with Detective Dean to identify and apprehend those persons involved. He had identified the automobile and its license number of one of the persons using the boxes. When he next saw the automobile, he notified Detective Dean, who was not in a nearby location. Detective Dean, in turn, put out a radio broadcast requesting the Sheriff's Office to stop the automobile and detain the driver. Deputy Sheriff Barry did so. The collective knowledge of the law enforcement officers provided probable cause to stop and arrest the driver of the automobile on the ground he was involved in the credit card fraud. See United States v. Hensley, 469 U.S. 221, 232-33 (1985) (holding that police officers may rely on reports or bulletins of other police officers or agencies to support investigatory stops).
 
 Possession of Counterfeit Securities
 
 4
 Ogundeko claims there was insufficient evidence to convict him of possessing counterfeit securities (cashiers checks). There is sufficient evidence to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 5
 There was clearly sufficient evidence for the jury to convict Ogundeko of this charge. The checks were discovered in envelopes bearing Ogundeko's address. Ogundeko had a key to one of the storage lockers in which checks were found. Finally, the jury was entitled to believe the testimony of Ogundeko's codefendant, Ayodele, who testified that Ogundeko knew about and used the counterfeit checks.
 
 Sentencing Guidelines
 
 6
 Ogundeko contests the district court's application of the Sentencing Guideline for money laundering, rather than the Sentencing Guideline for fraud, because he claims that the latter is the guideline "most applicable" to his core offenses, which involved credit card fraud. He also contends that the prosecution acted arbitrarily and violated a Justice Department policy by charging him with money laundering, which resulted in his receiving a significantly longer sentence (51 months) than his codefendants did (8 months each). We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S. Ct. 2954 (1992).
 
 
 7
 Ogundeko was charged and convicted of four counts of money laundering. Sentencing Guideline 2S1.1 specifically provides sentences for the laundering of monetary instruments. The Index in Appendix A to the Guidelines refers to this guideline for the statutory offense of which Ogundeko was convicted. The fact that his conduct also involved fraudulent conduct, to which less severe guidelines apply, does not justify applying a more lenient sentence. We held in United States v. Cambra, 933 F.2d 752, 755 (9th Cir. 1991), that "the sentencing court will only apply a different guideline than the one specified in the Index if it is 'an atypical case."' This is not an atypical case, and the district court applied the appropriate guideline.
 
 
 8
 Ogundeko contends that he was improperly prosecuted for money laundering because the gravamen of his actions was simply credit card fraud, and that this resulted in significantly longer sentences than those given his codefendants. Thus, he contends that the more lenient guideline should be applied. The Government pointed out that Ogundeko was the leader of a sophisticated international scheme involving multiple individuals and that he was not singled out for treatment different from similarly situated persons engaged in wide-ranging credit card schemes in the Central District of California. In United States v. Rose, 20 F.3d 367 (9th Cir. 1994), we faced a somewhat similar argument. There, the defendant argued that the district court erred in not departing downward to minimize the disparity between the guideline for money laundering and the guideline for wire fraud. Id. at 375. We noted that the sentencing disparity was "not merely foreseen but also intended." Id. The jury convicted Ogundeko of four counts of money laundering under the instructions of the court. The guideline specified for the money laundering offenses was appropriately applied.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3