81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diana HERNANDEZ, Defendant-Appellant.
 No. 95-10266.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 20, 1996.
 
 Before: CHOY, BEEZER, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Diana Hernandez was convicted of one count of conspiracy, nine counts of aiding and abetting the filing of false statements with the INS, and six counts of making a false acknowledgment. Hernandez appeals arguing that the district court (1) improperly admitted "other crimes" evidence under Fed.R.Evid. 404(b), and (2) improperly applied the sentencing guidelines. We affirm.
 
 I.
 
 3
 Hernandez argues that the district court improperly admitted other "crimes, wrongs, or acts" evidence. See Fed.R.Evid. 404(b). Specifically, Hernandez objects to the testimony of five witnesses: Saul Sandoval, Samuel Maxim, Manuel Felix, Albert Perales, and Cesar Condes.
 
 
 4
 The admission of "other crimes" evidence pursuant to Fed.R.Evid. 404(b) is reviewed for an abuse of discretion. United States v. Basinger, 60 F.3d 1400, 1407 (9th Cir.1995). Whether certain conduct constitutes "other crimes" is reviewed de novo. United States v. Warren, 25 F.3d 890, 895 (9th Cir.1994).
 
 
 5
 The testimony of Sandoval, Maxim, Felix, Perales, and Condes was properly admitted. The testimony of these witnesses provided direct evidence of the conspiracy charged in the indictment and thus was not Rule 404(b) evidence. See United States v. Vaccaro, 816 F.2d 443, 452 (9th Cir.), cert. denied, 484 U.S. 914, and cert. denied, 484 U.S. 928 (1987); Brulay v. United States, 383 F.2d 345, 347 (9th Cir.), cert. denied, 389 U.S. 986 (1967).
 
 II.
 
 6
 The district court's interpretation and application of the guidelines are reviewed de novo. Basinger, 60 F.3d at 1409. The district court's factual findings in the sentencing phase are reviewed for clear error. Id.
 
 
 7
 Hernandez was convicted of conspiracy to file false statements in violation of 18 U.S.C. § 371, filing false statements in violation of 18 U.S.C. § 1001, and false acknowledgement in violation of 18 U.S.C. § 1015(d). The Statutory Index (Appendix A) provides for guideline § 2F1.1 for a violation of 18 U.S.C. § 1001, and guideline §§ 2F1.1, 2J1.3, 2L2.1, or 2L2.2 for a violation of 18 U.S.C. § 1015(d).
 
 
 8
 The district court applied guideline § 2F1.1. Hernandez argues that the district court erred because application note 11, to § 2F1.1, mandates the use of guideline § 2L2.1. Application note 11 provides in part:
 
 
 9
 Offenses involving fraudulent identification documents and access devices, in violation of 18 U.S.C. §§ 1028 and 1029, are also covered by this guideline. Where the primary purpose of the offense involved the unlawful production, transfer, possession, or use of identification documents for the purpose of violating, or assisting another to violate, the laws relating to naturalization, citizenship, or legal resident status, apply § 2L2.1 or § 2L2.2, as appropriate, rather than § 2F1.1.
 
 
 10
 USSG § 2F1.1, application note 11. Specifically, Hernandez argues that her convictions should be sentenced under § 2L2.1 because application note 11 cross-references § 2L2.1 where a case involves the production or transfer of false immigration documents.
 
 
 11
 Hernandez reads application note 11 too broadly. The second sentence of application note 11, upon which Hernandez relies, clearly modifies the first sentence. Before the cross-reference to § 2L2.1 applies, a person must first be convicted of a violation of 18 U.S.C. § 1028 ("fraud and related activity in connection with identification documents").[1] The cross-reference does not apply in this case because Hernandez was not convicted of a violation of 18 U.S.C. § 1028. The district court applied the proper sentencing guideline.
 
 
 12
 Hernandez next argues that the district court made an improper loss calculation under guideline § 2F1.1. This argument lacks merit. First, while the government may have been the victim of Hernandez's fraud, the district court properly increased the offense level on the basis of the amount of gain Hernandez realized. See Application note 8, USSG 2F1.1 ("The offender's gain from committing the fraud is an alternative estimate that ordinarily will underestimate the loss."); United States v. Cambra, 933 F.2d 752, 756 (9th Cir.1991) (loss properly calculated where defendant intended to profit from illegal steroid sales and federal agency was defrauded). And second, the district court's determination of the amount of gain realized by Hernandez was not clearly erroneous.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The cross-reference does not apply where a person is convicted of a violation of 18 U.S.C. § 1029. 18 U.S.C. § 1029 involves access devices, not identification documents