101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Refugia MARQUEZ, a/k/a Cookie Marquez Defendant-Appellant.
 No. 95-10274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1996.*
Decided Nov. 14, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Refugia Marquez appeals her conviction for conspiring to file false statements with the Immigration and Naturalization Service ("INS"; aiding and abetting the filing of false statements with the INS; and making false acknowledgments to the INS. Marquez contends that the district court abused its discretion by admitting "other crimes" evidence in violation of Fed.R.Evid. 404(b). We affirm.
 
 
 4
 Marquez argues that the district court erred by allowing Manuel Felix, Albert Perales, Samuel Maxim, Cesar Condes, and Saul Sandoval to testify about "other crimes" in violation of Fed.R.Evid. 404(b). Marquez complains that these witnesses testified about uncharged incidents of filing false amnesty applications and preparing false affidavits or employment letters for the immigration service involved in the conspiracy count.
 
 
 5
 Whether the challenged testimony constitutes evidence of "other crimes" within the meaning of Fed.R.Evid. 404(b) is a question of law that is reviewed de novo. See United States v. Kearns, 61 F.3d 1422, 1427 (9th Cir.1995). The admission of "other crimes" evidence under Fed.R.Evid. 404(b) is reviewed for an abuse of discretion. See United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987).
 
 
 6
 In United States v. Hernandez, No. 95-10266, 1996 WL 131795 (9th Cir. Mar. 20, 1996) (unpublished disposition), another panel of this Court rejected the same Rule 404(b) argument when it affirmed the conviction of Marquez's co-defendant, Diana Hernandez. The Hernandez panel held that the testimony of Manuel Felix, Albert Perales, Samuel Maxim, Cesar Condes, and Saul Sandoval "provided direct evidence of the conspiracy charged in the indictment and thus was not Rule 404(b) evidence." Id. The earlier panel's conclusion that the challenged testimony was properly admitted as direct evidence of the charged conspiracy is the law of the case, which this Court should follow unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." United States v. Garcia, 77 F.3d 274, 276 (9th Cir.1996) (quoting Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 675 (1995). Since none of these three situations applies here, this Court will follow Hernandez. Furthermore, we believe that the Hernandez panel was correct in its ruling that Rule 404(b) is not implicated on these facts because the challenged testimony was direct evidence of the conspiracy charged. See United States v. Vaccaro, 816 F.2d 443, 452 (9th Cir.), cert. denied, 484 U.S. 914 (1987); United States v. Boone, 951 F.2d 1526, 1540 (9th Cir.1991). Accordingly, the evidence was properly admitted.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited by the courts of this circuit except as provided by Ninth Circuit Rule 36-3