**UNITED STATES of America**

v.

**Warren PARSELL.**

**Case No. 5:92–CR–55 (JAC).**

United States District Court,
D. Connecticut.

Feb. 18, 1993.

---

James I. Glasser, Asst. U.S. Atty., Bridge-port, CT, for U.S.

Sarah A. Chambers, Asst. Federal Public Defender, New Haven, CT, for defendant.

## AMENDED RULING ON DEFENDANT'S OBJECTION TO GUIDELINES CALCULATIONS [1]

JOSÉ A. CABRANES, Chief Judge:

Pending before the court is the defendant's objection to paragraph 22 of the Presentence Investigation Report, which recommends that the court impose a two-level enhancement of the defendant's offense level because the offense occurred within 1000 feet of a "protected location." The defendant asserted this objection in his Memorandum in Aid of Sentencing (filed January 20, 1993). The Government addressed this objection in its Response to Defendant's Sentencing Memorandum (filed January 28, 1993).

## BACKGROUND

The defendant entered a plea of guilty on October 28, 1992 to a one-count information charging him with conspiracy to possess cocaine with intent to distribute and to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.[2] The defendant signed a plea agreement letter at the time he entered his plea of guilty, but in what appears to be a deviation from the general practice in this district the letter did not contain any stipulation of offense conduct. Following the court's acceptance of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") that described in more detail the nature of the conduct giving rise to the defendant's conviction. The PSI stated, among other things, that the defendant committed this offense within 1000 feet of Congregation Rodeph Sholom Synagogue, a Jew-

1. This ruling amends the ruling issued on February 17, 1993 in light of the colloquy with counsel for the Government at the sentencing hearing that was held on February 17, 1993.

2. 21 U.S.C. § 841(a)(1) provides in pertinent part that

it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute,

or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....

21 U.S.C. § 846 provides in pertinent part that [a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of

ish religious center that operates a nursery school and a playground on its premises. On the basis of this finding, the PSI recommended a two-level enhancement of the defendant's offense level for commission of the offense within 1000 feet of a nursery school, pursuant to U.S.S.G. § 2D1.2.[3]

The defendant objects to the application of guideline § 2D1.2 on two grounds. First, the defendant argues that § 2D1.2 cannot be applied unless the defendant (1) has been charged with violating or conspiring to violate 21 U.S.C. § 860 or (2) has stipulated to facts amounting to such an offense in a formal stipulation at the time of the plea agreement. In the alternative, the defendant argues that § 2D1.2 cannot be applied in the particular circumstances presented here because the nursery school near which the offense occurred is not a "protected location" within the meaning of § 2D1.2. The Government contests both aspects of the defendant's objection.

## DISCUSSION

■ The Sentencing Guidelines provide that a court must ordinarily apply the guideline "most applicable to the *offense of conviction* (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted)." U.S.S.G. § 1B1.2(a) (emphasis supplied).[4] *See Braxton v. United States,* — U.S. —, 111 S.Ct. 1854, 1857, 114 L.Ed.2d 385 (1991). The sole exception to this general rule is that a court may apply the guideline applicable to a more serious offense than the offense charged "in the case of a plea agreement (written or made orally upon the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction." *See* U.S.S.G. § 1B1.2(a). Our Court of Appeals has narrowed the scope of this limited exception by holding that a district court may consider only "formal stipulations" to facts establishing a more severe offense. *See United States v. McCall,* 915 F.2d 811, 815 (2d Cir. 1990) (Winter, J.); *see also United States v. Guerrero,* 863 F.2d 245, 248 (2d Cir.1988) (Newman, J.) (holding that this exception does not apply "to a stipulation negotiated after a plea in connection with sentencing"). In sum, a defendant can be sentenced according to a guideline corresponding to a more serious offense than the one charged only if the defendant formally stipulates to the more serious offense at the time of the guilty plea.

### A.

The dispute in this case arises, first of all, from a disagreement over how to determine which guideline is applicable to the defendant's offense of conviction. As a general matter, a court determines the applicable guideline by consulting the statutory index provided in Appendix A of the Sentencing Guidelines.[5] This determination is straight-

which was the object of the attempt or conspiracy.

3. U.S.S.G. § 2D1.2 provides in full as follows:

§ **2D1.2** *Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy*
(a) Base Offense Level (Apply the greatest):
(1) **2** plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location or an underage or pregnant individual; or
(2) **1** plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense; or
(3) **26,** if the offense involved a person less than eighteen years of age; or
(4) **13,** otherwise.

4. U.S.S.G. § 1B1.2 provides in pertinent part as follows:

§ **1B1.2** *Applicable Guidelines*
(a) Determine the offense guideline section in Chapter Two (Offense Conduct) most applica-

ble to the offense of conviction (*i.e.,* the offense conduct charged in the count of the indictment or information of which the defendant was convicted). *Provided,* however, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.
(b) After determining the appropriate offense guideline section pursuant to subsection (a) of this section, determine the applicable guideline range in accordance with § 1B1.3 (Relevant Conduct).
. . . .

5. U.S.S.G., Appendix A, provides in pertinent part that

[t]his index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section

forward where the index lists a single guideline for the offense of conviction, but where the index lists more than one guideline for an offense the court is required to determine "the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G., App. A., at 395. In the case at bar, the parties disagree about how the court should determine the "most appropriate" guideline for sentencing a defendant convicted of a conspiracy offense.

The offense of conviction in this case is a conspiracy offense defined by 21 U.S.C. § 846; the object of the alleged conspiracy was the distribution of controlled substances, an offense defined by 21 U.S.C. § 841(a)(1).[6] The statutory index lists eighteen applicable guidelines for violations of § 846, but lists only one guideline—§ 2D1.1—for violations of § 841(a)(1). *See* U.S.S.G., App. A., at 404. The defendant argues that in selecting the "most appropriate" guideline of those applicable to violations of § 846, the court should look to the guideline applicable to the offense that was charged as the object of the conspiracy—in this case, § 841(a)(1). On that basis, the defendant contends that the court should apply § 2D1.1.[7] The Government, however, argues that the most appropriate guideline is the guideline that conforms most closely to the actual conduct of the defendant. In effect, the Government contends that the court should select—from among the eighteen guidelines applicable to violations of § 846— the guideline that applies to the most serious offense that could have been charged as the object of the conspiracy.

■ The Government's position is unpersuasive. The guidelines require that, in general, courts apply the guideline "most applicable to the offense of conviction (*i.e.,* the offense conduct charged in the count of the indictment or information of which the defendant was convicted)." *See* U.S.S.G. § 1B1.2(a). In the case of a conspiracy count, the indictment or information specifies not only the statute defining the conspiracy offense but also the statute defining the underlying offense. Although it is not actually the "offense of conviction," the underlying offense is a part of the offense conduct that is charged in the information or indictment. It follows that where the offense of conviction is a conspiracy offense, the court must generally select a guideline that is applicable not only to the conspiracy offense but also to the underlying offense specified in the information or the indictment. Consequently, the guideline applicable to the offense of conviction in this case is the one that applies to § 846 and § 841(a)(1)—and that is § 2D1.1.

### B.

■ The next issue to be addressed is whether § 2D1.2 may be applied in this case even though it is not the guideline applicable to the offense of conviction. It could be argued that this guideline is applicable here because the defendant has stipulated to facts sufficient to establish a violation of 21 U.S.C. § 860, a violation for which § 2D1.2 is applicable. This argument is inconsistent with the clear holding of the Court of Appeals in *McCall.* As noted above, the Court stated in

---

is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted.
. . . .

6. *See* note 1 *supra.*

7. U.S.S.G. § 2D1.1 provides in pertinent part as follows:

2D1.1 *Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession*

*with Intent to Commit These Offenses); Attempt or Conspiracy*
. . . .

(b) Specific Offense Characteristics

(1) If a dangerous weapon (including a firearm) was possessed, increase by **2** levels.

(2) If the defendant unlawfully imported or exported a controlled substance under circumstances in which (A) an aircraft other than a regularly scheduled commercial air carrier was used to import or export the controlled substance, or (B) the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance, increase by **2** levels. If the resulting offense level is less than **26**, increase to level **26.**

that case that a guideline applicable to an offense other than the offense charged can be used *only* where the defendant has formally stipulated at the time of the guilty plea hearing to facts establishing the more serious offense. *See McCall,* 915 F.2d at 815. The Government has not argued, much less shown, that the defendant here entered any such stipulation (orally or in writing) at the time of his guilty plea. Consequently, there is no basis in the record for sentencing this defendant according to any guideline applicable to an offense other than his offense of conviction.

### C.

The lack of a formal stipulation of offense conduct makes it unnecessary to consider whether, on the facts of this case, the Government could have established a violation of § 860. It bears noting, however, that the issue of whether a religious center is a "public or private elementary, vocational, or secondary school" or a "playground" within the meaning of § 860 would have to be addressed in accordance with the rule of lenity. *See Hughey v. United States,* 495 U.S. 411, 422, 110 S.Ct. 1979, 1985, 109 L.Ed.2d 408 (1990) ("longstanding principles of lenity ... demand resolution of ambiguities in criminal statutes in favor of the defendant"); *see also United States v. Hong–Liang Lin,* 962 F.2d 251, 258 (2d Cir.1992). Under the rule of lenity, the court might well conclude that the facts presented here fall short of a violation of § 860.

### D.

In sum, the only guideline applicable to the offense at issue here is § 2D1.1. That guideline provides for upward adjustments of the defendant's offense level only where the offense involved the use of a dangerous weapon, where the offense involved the use of an aircraft other than a commercial air carrier, or where the defendant acted as an "operation officer" on a craft or vessel carrying the controlled substance. *See* § 2D1.1(b)(1) and (2). Section 2D1.1 does not provide for an upward adjustment based on commission of the offense near a protected location, nor does it include a cross-reference to any sec-

tion that provides for such an adjustment. As a result, the upward adjustment recommended in paragraph 22 of the PSI shall not be included in the calculation of the guidelines applicable in this case.

### CONCLUSION

For the reasons stated above, the defendant's objection to the two-level enhancement of the offense level in paragraph 22 of the Presentence Report is hereby SUSTAINED. The total offense level is therefore "8" rather than "10," resulting in a sentencing guideline range of imprisonment for 10–16 months rather than 15–21 months.

It is so ordered.