UNITED STATES of America,
Plaintiff–Appellee,

v.

Trini L. CRAWFORD, a.k.a.
Malik Hayworth, a.k.a. T,
Defendant–Appellant.

No. 98–30222.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1999.

Decided Aug. 2, 1999.

Stephen R. Hormel, Federal Public Defender for Eastern Washington and Idaho, Spokane, Washington, for defendant-appellant.

Karin B. Hoppmann, United States Department of Justice, Washington, D.C., for plaintiff-appellee.

Before: LAY,[1] GOODWIN, and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge:

This case requires us to decide which offense guideline section applies when a defendant pleads guilty to a controlled substance offense, but all counts charging that the offense occurred within 1,000 feet of a school are dismissed. In doing so, we must determine the appropriate method for selecting the "offense guideline section ... most applicable to the offense of conviction." U.S.S.G. § 1B1.2(a). We hold that the district court erred in using the "relevant conduct" of school proximity to pick the applicable offense guideline section and that such error was not harmless. We therefore reverse and remand for resentencing.

## I. Guidelines for Offenses Involving Drugs

We deal here with two offense guideline sections: U.S.S.G. § 2D1.1 and U.S.S.G. § 2D1.2. Section 2D1.1 is captioned "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy." When, as here,

death or serious bodily injury is not involved, section 2D1.1 establishes a base offense level corresponding to the type and quantity of controlled substance at issue, as set forth in the Drug Quantity Table in subsection (c).[2] For example, the base offense level for an offense like Crawford's, involving at least 20 but less than 35 grams of cocaine base, is 28. U.S.S.G. § 2D1.1(c)(6).

Section 2D1.2 is captioned "Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy." This section states a minimum base offense level of 13, but provides for a higher base offense level under certain circumstances.[3] Here, the practical effect of applying U.S.S.G. § 2D1.2 instead of U.S.S.G. § 2D1.1 is a two-point increase in offense level, with a resulting hike in the guideline range.

## II. Crawford's Plea and Sentence

Trini L. Crawford appeals from a 120–month sentence imposed following a guilty plea to violating 21 U.S.C. § 841(a)(1) by distributing cocaine base and possessing cocaine base with the intent to distribute. Pursuant to the plea agreement, all other counts of the indictment were dismissed. Of the dismissed counts, four charged distribution of cocaine base within 1,000 feet of a school. Crawford stipulated that, for sentencing purposes, the total amount of cocaine base at issue was 34.6 grams, re-

---

1. Honorable Donald P. Lay, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

2. Section 2D1.1 assigns as a base offense level the greatest of:

 (1) 43, if the defendant is convicted under [specific provisions] ... and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense; or (2) 38, if the defendant is convicted under [specific provisions] ... and the offense of conviction establishes that death or serious bodily

injury resulted from the use of the substance; or (3) the offense level specified in the Drug Quantity Table set forth in subsection (c) below.
U.S.S.G. § 2D1.1(a).

3. Section 2D1.2 assigns as a base offense level the greatest of:

 (1) 2 plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location or an underage or pregnant individual; or (2) 1 plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense; or (3) 26, if the offense involved a person less than eighteen years of age; or (4) 13, otherwise.
U.S.S.G. § 2D1.2(a).

sulting in a base offense level of 28 under U.S.S.G. § 2D1.1. The government agreed that Crawford was entitled to a three-level reduction for acceptance of responsibility and timely guilty plea pursuant to U.S.S.G. § 3E1.1, resulting in an adjusted offense level of 25. In computing Crawford's guideline range of 120–to–150 months, the district court *sua sponte* applied U.S.S.G. § 2D1.2, adding two points for conduct occurring near a protected location and assigning Crawford an offense level of 27. On appeal, Crawford contends that he should have been sentenced under U.S.S.G. § 2D1.1. He argues that he was not convicted of an offense for which U.S.S.G. § 2D1.2 is the appropriate guideline section, and that his offense level should have been 25, resulting in a guideline range of 100–to–125 months. We agree.

### III. Applicable Offense Guideline Section

 We review de novo a district court's interpretation and application of the Sentencing Guidelines. *United States v. Bailey*, 139 F.3d 667, 667 (9th Cir.1998). Whether U.S.S.G. § 2D1.2 applies when a defendant pleads guilty to a controlled substance offense under 21 U.S.C. § 841(a),[4] but not to conduct within 1,000 feet of a school in violation of 21 U.S.C. § 860,[5] is an issue of first impression in the Ninth Circuit. Only one other circuit, the Fifth Circuit, has addressed this specific issue, holding that use of section 2D1.2 is inappropriate. *United States v. Chandler*, 125 F.3d 892 (5th Cir.1997).

In related but somewhat different circumstances involving drug conspiracies un-

der 21 U.S.C. § 846,[6] four other circuits have weighed in concerning the applicability of U.S.S.G. § 2D1.2. The Fourth and Eleventh Circuits have held that use of section 2D1.2 is improper when the defendant was not convicted of (as opposed to charged with) an offense involving a protected person or location. *United States v. Saavedra*, 148 F.3d 1311 (11th Cir.1998); *United States v. Locklear*, 24 F.3d 641 (4th Cir.1994); *see also United States v. Parsell*, 815 F.Supp. 84 (D.Conn.1993). In contrast, the Sixth and Eighth Circuits have approved use of U.S.S.G. § 2D1.2 in drug conspiracy cases. *United States v. Benjamin*, 138 F.3d 1069 (6th Cir.1998) (citing *United States v. McDowell*, 902 F.2d 451 (6th Cir.1990)); *United States v. Oppedahl*, 998 F.2d 584 (8th Cir.1993). These circuits arrive at different results because they disagree about the role of "relevant conduct" in selecting the applicable offense guideline section. Because this case does not involve a conspiracy conviction, we do not need to reconcile the issues raised by the drug conspiracy cases.

Resolution of the question presented requires us to determine the appropriate method for choosing an offense guideline section. The Sentencing Guidelines establish a nine-step procedure for calculating the appropriate sentence. *See* U.S.S.G. § 1B1.1; *Chandler*, 125 F.3d at 897; *see also Saavedra*, 148 F.3d at 1314. Only certain steps are relevant here. The first and most important step is determining the applicable offense guideline section. The Statutory Index in Appendix A "provides a listing to assist in this determination."[7] U.S.S.G. § 1B1.1(a). In choosing

---

**4.** 21 U.S.C. § 841(a) provides in relevant part: "[I]t shall be unlawful for any person knowingly or intentionally(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."

**5.** 21 U.S.C. § 860 provides in relevant part: "Any person who violates section 841(a)(1) . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of [a protected location] . . . is . . . subject to . . .

twice the maximum punishment authorized by section 841(b) of this title . . . ."

**6.** 21 U.S.C. § 846 reads: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

**7.** As the government aptly notes, we have previously stated that "[r]ather than establish-

an appropriate offense guideline section, the court must

> [d]etermine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction (*i.e.*, the offense conduct charged in the count of the indictment . . . of which the defendant was convicted). *Provided,* however, in the case of a plea agreement . . . containing a stipulation that specifically establishes a more serious offense than the offense of conviction, [the court must] determine the offense guideline section in Chapter Two most applicable to the stipulated offense.[8]

U.S.S.G. § 1B1.2(a); *see Braxton v. United States,* 500 U.S. 344, 346, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991).

Next, referring to the particular guideline in Chapter 2, the court ascertains the base offense level and applies any appropriate specific offense characteristics. U.S.S.G. § 1B1.1(b). Third, the court makes adjustments as appropriate with regard to victim, role, or obstruction of justice as specified in Chapter 3, Parts A through C. U.S.S.G. § 1B1.1(c). Then the court includes applicable adjustments for acceptance of responsibility as described in

Chapter 3, Part E. U.S.S.G. § 1B1.1(e). Finally, the court must calculate the defendant's criminal history category pursuant to Chapter 4 and determine the guideline range by referring to the table in Chapter 5, Part A. U.S.S.G. § 1B1.1(f) & (g).

Applying these steps to Crawford's case, we note that the Statutory Index identifies section 2D1.1 as the appropriate guideline for violations of section 841(a). U.S.S.G.App. A. Section 2D1.2, on the other hand, is listed as the applicable offense guideline for violations of, among others, 21 U.S.C. §§ 846 (attempt or conspiracy), 859 (distribution to minors), 860 (distribution or manufacturing near schools), and 861 (involvement of minors). U.S.S.G.App. A. Crawford was not convicted of any offense under these four sections.[9] Thus, for Crawford, section 2D1.1—relating to drug trafficking—and not section 2D1.2—relating to protected locations or individuals—is presumptively the guideline "most applicable to the offense of conviction." U.S.S.G. § 1B1.2(a); *see Chandler,* 125 F.3d at 897 ("According to the Statutory Index, the court is instructed to apply U.S.S.G. § 2D1.1, and not U.S.S.G.

---

ing immutably the exclusive list of available guidelines for given offenses, the Index merely points the court in the right direction. Its suggestions are advisory; what ultimately controls is the 'most applicable guideline.' " *United States v. Cambra,* 933 F.2d 752, 755 (9th Cir.1991). Unlike in *Cambra* and the other cases cited by the government, however, we are not here concerned with "an atypical case" in which the guideline specified in the Statutory Index is "inappropriate." U.S.S.G.App. A. Rather, the offense for which Crawford was convicted falls squarely within a provision cited by the Statutory Index. Therefore, for purposes of our analysis in this case, we adhere to the carefully constructed cross-references in the Statutory Index.

8. This latter proviso does not apply to Crawford, who pleaded guilty to violating 21 U.S.C. § 841(a) and did not enter into any stipulation establishing "a more serious offense." *Cf. Saavedra,* 148 F.3d at 1314 (Saavedra "never made the sort of formal stipulation that would support sentencing him for a violation of § 860.").

9. The Third, Fourth, Fifth, Tenth, and District of Columbia Circuits have concluded that 21 U.S.C. § 860 is a substantive offense, and not merely a penalty enhancement for violations of 21 U.S.C. § 841(a)(1). *See Chandler,* 125 F.3d at 894–97; *United States v. McQuilkin,* 78 F.3d 105, 109 (3d Cir.1996) ("Other courts of appeals have uniformly held § 860 is a separate offense that requires proof of an element that is not included in § 841 . . . . [N]othing in the language indicates § 860 is an enhancement provision." (citing cases from the Fourth, Tenth, and District of Columbia Circuits)). We agree. Section 860 requires the government to prove a separate and distinct element in addition to violation of section 841(a)(1), *i.e.*, conduct within 1,000 feet of a protected location. *See Chandler,* 125 F.3d at 896. Indeed, the Fifth Circuit treats section 841(a)(1) as a lesser included offense of section 860. *United States v. Scott,* 987 F.2d 261, 266 (5th Cir.1993).

§ 2D1.2, to violations of 21 U.S.C. § 841(a)(1).").

The question remains whether any of the specific offense characteristics listed in U.S.S.G. § 2D1.1 dictated an adjustment to Crawford's base offense level on account of school proximity. They did not. Section 2D1.1 enumerates five specific offense characteristics warranting increases to the base offense level—proximity to a school is not one of them.[10] *See Chandler,* 125 F.3d at 898; *cf. Locklear,* 24 F.3d at 649 ("If the Sentencing Commission wished to include the use of an underage person as a specific offense characteristic warranting sentence enhancement, it could easily have done so in § 2D1.1(b). It did not."). We therefore hold that the district court erred in considering school proximity in computing Crawford's offense level.

## IV. Consideration of "Relevant Conduct"

■■■ Under our holding, school proximity does not play a role in determining the offense level for a violation of 21 U.S.C. § 841(a). The government, however, argues that, pursuant to U.S.S.G. § 1B1.3(a),[11] school proximity may be considered as "relevant conduct" in selecting the applicable offense guideline section. We disagree. Section 1B1.3(a) does not envision consideration of "relevant conduct" in ascertaining which offense guideline to apply, but rather only in choosing among various base offense levels in the chosen guideline and in making adjustments to the offense level. *See Saavedra,* 148 F.3d at 1316 ("[R]elevant conduct does

not come into play until the correct offense guideline has been selected."); *Chandler,* 125 F.3d at 897–98 ("[A] court does not enjoy unlimited discretion in determining what constitutes relevant conduct.... [O]nce the court selects the appropriate guideline under step one, the court can take relevant conduct into account only as it relates to the factors set forth in that guideline.").

To the extent the Sixth and Eighth Circuits have construed the Sentencing Guidelines as permitting consideration of school proximity as "relevant conduct" for purposes of calculating the offense level, we do not view their interpretation as necessarily inconsistent with our approach. *See Benjamin,* 138 F.3d at 1072; *Oppedahl,* 998 F.2d at 587; *McDowell,* 902 F.2d at 453–54. These Sixth and Eighth Circuit cases involved drug-related conspiracies in violation of 21 U.S.C. § 846. This distinction from the case before us is notable because, for violations of section 846, the Statutory Index specifies U.S.S.G. § 2D1.2 as one of many applicable offense guidelines. *See* U.S.S.G.App. A.; *see also* U.S.S.G. § 2X1.1 comment (n.1) ("Offense guidelines that expressly cover conspiracies include ... [§ ] 2D1.2...."). In choosing among the various offense guidelines enumerated with respect to section 846, a court must necessarily consider the object of the conspiracy to determine which guideline is "most applicable to the offense of conviction." *See* U.S.S.G. § 1B1.2(a); *see also* U.S.S.G. § 2X1.1(a) (base offense level for conspiracy is equal

---

10. Under section 2D1.1, the following specific offense characteristics result in upward adjustments: (1) possession of a dangerous weapon; (2) use of a non-commercial aircraft or operation of any craft or vessel to unlawfully import or export a controlled substance; (3) distribution within a correctional facility; (4) importation of methamphetamine or manufacture of methamphetamine from chemicals known to have been unlawfully imported; and (5) unlawful discharge of a hazardous or toxic substance or unlawful transportation of hazardous waste. U.S.S.G. § 2D1.1(b)(1)-(5).

11. Section 1B1.3(a) provides in part: "Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following: ... all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense...."

to the "base offense level from the guideline for the substantive offense, plus any adjustments"); *Locklear*, 24 F.3d at 648 n. 4 (recognizing that U.S.S.G. § 2D1.2 might apply if the object of the drug conspiracy involved a protected person or location, but insisting that the defendant be convicted of such conspiratorial purpose before the sentencing court may use section 2D1.2).

Hence, under the circumstances here, we reject the government's reliance on the Sixth and Eighth Circuit cases. Because the issue is not before us, we do not address the extent to which "relevant conduct" may be considered in determining the applicable guideline section for conspiracy or similar offenses. We hold only that the district court erred in using U.S.S.G. § 2D1.2 to calculate Crawford's offense level for his conviction under 21 U.S.C. § 841.

### V. Remand for Resentencing

 Under 18 U.S.C. § 3742(a), a defendant may appeal a sentence imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines. If the appellate court determines that the sentencing court misapplied the guidelines, it must remand for "further sentencing proceedings," 18 U.S.C. § 3742(e)(1)(A), unless it determines that "the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *see United States v. Turner*, 881 F.2d 684, 688 (9th Cir.1989) ("[T]he overlapping of the Sentencing Guideline ranges was designed to minimize the need to resolve disputes where the same sentence would have been imposed under either of the . . . ranges urged by the parties.").

Based on the record, we cannot conclude that, absent the error in calculating his offense level, Crawford would have been sentenced to the same term of imprisonment. Although the district court expressed concern about Crawford's proximity to a school, it nevertheless imposed the lowest sentence possible under the range it calculated. The court offered no acknowledgment that the sentence given was also within the range Crawford proposed, and provided no indication that it would have selected a sentence near the top of that lower range. The district court would have been entitled to consider the school proximity in selecting a sentence within the applicable guideline range, but, on this record, we cannot determine the extent to which that factor would have affected the district court's decision. We therefore remand for resentencing.

REVERSED and REMANDED.