**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

IVAN ALEJANDRO GARCIA-GUERRERO,
            *Defendant-Appellant.*

No. 09-50614

D.C. No.
3:09-cr-02650-W-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted
December 9, 2010—Pasadena, California

Filed February 18, 2011

Before: Harry Pregerson and Richard R. Clifton,
Circuit Judges, and H. Russel Holland,*
Senior District Judge.

Opinion by Judge Holland

*The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

2709

## COUNSEL

Sherri Walker Hobson, Assistant U.S. Attorney, San Diego, California, argued the cause for the plaintiff-appellee; Laura A. Duffy, United States Attorney, and Bruce Castetter, Assistant U.S. Attorney, Chief, Appellate Section, Criminal Division, San Diego, California, were on the briefs.

Martin G. Molina, San Diego, California, for the appellant-defendant.

**OPINION**

HOLLAND, Senior District Judge:

Appellant Ivan Alejandro Garcia-Guerrero challenges his 46-month sentence for smuggling ten gallons of hypophosphorous acid into the United States in violation of 18 U.S.C. § 545. Garcia-Guerrero contends that the district court erred in calculating his base offense level under U.S.S.G. § 2D1.11, via the cross-reference provision of U.S.S.G. § 2T3.1. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we vacate Garcia-Guerrero's sentence and remand for resentencing.

## I.   Background

On June 12, 2009, Garcia-Guerrero drove a van which contained two five-gallon water bottles across the border from Mexico into the United States. Garcia-Guerrero had been paid $500 to drive the vehicle across the border and had been instructed to leave the containers in a gas station parking lot. In a post-arrest interview, Garcia-Guerrero stated that he did not know exactly what was in the containers although he knew that it was some kind of chemical. He said he thought that maybe it was battery acid. Garcia-Guerrero told the interviewing officers that he knew that he was not carrying drugs although he knew that what he was carrying was illegal. The water bottles in fact contained hypophosphorous acid, a list I chemical which is a precursor ingredient used to make methamphetamine.

Garcia-Guerrero was charged by information on July 9, 2009. The one-count information alleged that Garcia-Guerrero had violated 18 U.S.C. § 545 when he entered the United States without declaring the hypophosphorous acid to U.S. Customs authorities. On August 31, 2009, Garcia-Guerrero, without a plea agreement, pleaded guilty, admitting

that he had failed to declare imported merchandise in violation of 18 U.S.C. § 545.

At sentencing, the parties disagreed over which provision of U.S.S.G. § 2T3.1, which governs offenses involving tax losses resulting from smuggling, applied to Garcia-Guerrero's conviction. Garcia-Guerrero argued that § 2T3.1(a)(3) applied to his conviction because the tax loss from his failure to declare the hypophosphorous acid was less than $100. Application of § 2T3.1(a)(3) would have resulted in a base offense level of four. The government argued that the § 2T3.1 cross reference applied and thus Garcia-Guerrero's base offense level should be calculated pursuant to U.S.S.G. § 2D1.11, which governs offenses involving the distribution, importation, exportation, or possession of listed precursor chemicals. The district court agreed with the government and rejected Garcia-Guerrero's argument that in order for § 2D1.11 to apply he had to know that the acid which he imported was going to be used to manufacture a controlled substance.

Application of § 2D1.11 resulted in a base offense level of thirty. After the applicable downward departures were calculated, Garcia-Guerrero's adjusted offense level was twenty-three, which resulted in a guideline range of 46 to 57 months. After reviewing the 18 U.S.C. § 3553(a) factors, the district court determined that the low end of that range would be a sufficient sentence and sentenced Garcia-Guerrero to 46 months. Garcia-Guerrero appeals from this sentence.

## II.   Standard of Review

"We review the legality of a sentence de novo." *United States v. Reyes-Pacheco*, 248 F.3d 942, 945 (9th Cir. 2001). "The district court's interpretation of the Sentencing Guidelines is also reviewed de novo, while its application of the Sentencing Guidelines to the facts of a particular case is reviewed for an abuse of discretion[.]" *Id.* (internal citations omitted).

**III. Analysis**

**[1]** "The first and most important step [in calculating an appropriate sentence] is determining the applicable offense guideline section." *United States v. Crawford*, 185 F.3d 1024, 1026 (9th Cir. 1999). "The Statutory Index in Appendix A 'provides a listing to assist in this determination.' " *Id.* (quoting U.S.S.G. § 1B1.1(a) (footnote omitted)). For a § 545 offense, Appendix A lists three possible guideline sections, §§ 2B1.5, 2Q2.1 and 2T3.1. Section 2D1.11 is *not* among the guidelines listed in Appendix A for a § 545 conviction. Of the listed guidelines, only § 2T3.1 could have application here. Section § 2B1.5 covers crimes involving "Cultural Heritage Resources" and § 2Q2.1 covers crimes involving fish, wildlife, and plants.

**[2]** The introductory comments to § 2T3.1 explain that this guideline "deals with violations of 18 U.S.C. §§ . . . 541-545 . . . and is designed to address violations involving revenue collection or trade regulation." U.S. Sentencing Guidelines Manual § 2T3.1 introductory cmt. (2009). The introductory commentary further explains that § 2T3.1 is

> intended to deal with some types of contraband, such as certain uncertified diamonds, but is not intended to deal with the importation of other types of contraband, such as drugs, or other items such as obscene material, firearms or pelts of endangered species, the importation of which is prohibited or restricted for non-economic reasons. Other, more specific criminal statutes apply to most of these offenses. Importation of contraband or stolen goods not specifically covered by this Subpart would be a reason for referring to another, more specific guideline, if applicable, or for departing upward if there is not another more specific applicable guideline.

*Id.* Section 2T3.1 contains a cross reference which provides that "[i]f the offense involves a contraband item covered by

another offense guideline, apply that offense guideline if the resulting offense level is greater than that determined above." U.S.S.G. § 2T3.1(c)(1).

**[3]** The district court determined that the cross reference directed the court to apply § 2D1.11 because that guideline expressly addresses the importation of hypophosphorous acid. However, Garcia-Guerrero pleaded guilty to the failure to declare merchandise, specifically hypophosphorous acid, in violation of 18 U.S.C. § 545. He did not plead guilty to the importation of hypophosphorous acid in violation of 21 U.S.C. §§ 960(d)(1) or (3), which prohibit the knowing or intentional importation of a listed chemical with the intent, knowledge, or reason to believe that the chemical will be used to manufacture a controlled substance. By pleading guilty to the information, Garcia-Guerrero admitted that he imported merchandise that he was required to declare, but he did not admit that he imported a listed precursor chemical or that he knew or had any reason to believe that the hypophosphorous acid would be used to manufacture methamphetamine. In other words, he did not admit all the elements required to convict him of a § 960 importation offense. U.S.S.G. § 1B1.2 requires that the offense guideline section be determined based on "the offense conduct charged in the . . . information of which the defendant was convicted." Because Garcia-Guerrero was convicted of a § 545 offense, it was inappropriate to calculate his base offense level as if he had been convicted of a § 960 importation offense, an offense that carries a much more serious penalty under the Guidelines.

**[4]** Moreover, there is no indication that the Sentencing Commission intended § 2D1.11 to apply to § 545 convictions. As set out above, Appendix A does not list § 2D1.11 as an applicable guideline for a § 545 conviction. In addition, § 545 is not amongst the statutory provisions to which § 2D1.11 has application, whereas it is listed in the statutory provisions of § 2T3.1. The statutory provisions listed for § 2D1.11 are 21 U.S.C. §§ 841(c)(1), (2), (f)(1); 865; and 960(d)(1), (2), (3),

(4). "[T]he statutory provisions portion of an offense Guideline commentary lists statutes of conviction[.]" *United States v. Romero*, 293 F.3d 1120, 1124 (9th Cir. 2002). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline[.]" *Stinson v. United States*, 508 U.S. 36, 38 (1993). Thus, the fact that § 545 is not included in the statutory provisions list for § 2D1.11 is significant. *See United States v. Lawton*, 193 F.3d 1087, 1091-92 (9th Cir. 1999) (applying the doctrine of *expressio unius est exclusio alterius* to the interpretation of the Guidelines).

Further evidence that the Sentencing Commission did not intend § 2D1.11 to apply to § 545 convictions can be found in § 2D1.11(b)(2). Subsection (b)(2) provides that defendants who are convicted under 21 U.S.C. § 960(d)(3) are entitled to a three-level reduction if they did not know that what they were smuggling would be used to manufacture a controlled substance. U.S.S.G. § 2D1.11(b)(2). Under the plain language of § 2D1.11, a defendant charged under Title 21 would be eligible for a three-level reduction if he did not know or have reason to believe that the chemicals he was importing would be used to manufacture a controlled substance, but a defendant charged under Title 18 who lacked the same knowledge would not be entitled to the same three-level reduction. Even though they are now advisory, "a central goal" of the Guidelines is still "to eliminate sentencing disparity." *United States v. Daas*, 198 F.3d 1167, 1181 (9th Cir. 1999).

In the instant case, because Garcia-Guerrero was charged under 18 U.S.C. § 545, he could not have qualified for the three-level departure if he did not know of the intended use of the hypophosphorous acid. However, if he had been charged under 21 U.S.C. § 960(d), he would have qualified for the three-level departure. The Sentencing Commission

could not have intended to introduce this kind of disparity into the Guidelines.

**[5]** We conclude that § 2D1.11 was not intended to apply to § 545 offenses. Thus, Garcia-Guerrero's guideline range was not calculated correctly. "A material error in the district court's calculation of the appropriate Guidelines range requires a remand for resentencing, unless the error was harmless." *United States v. Calderon Espinosa*, 569 F.3d 1005, 1008 (9th Cir. 2009). The error here was not harmless because had the district court not applied § 2D1.11, Garcia-Guerrero's base offense level would have been four, as opposed to thirty, which was the base offense level assigned by the district court.

## IV.   Conclusion

We hold that the district court erred in calculating Garcia-Guerrero's base offense level under § 2D1.11 pursuant to the cross-reference provision of § 2T3.1 because it resulted in Garcia-Guerrero being punished for an offense of which he was not convicted. In so holding, we recognize that this is a case in which the Guidelines do not fit the underlying facts all that well. The district court appeared to realize this as reflected in the miscellaneous two-level downward departure it made to Garcia-Guerrero's offense level. But, that adjustment was not sufficient to correct the error of sentencing Garcia-Guerrero under § 2D1.11 when he had not admitted to all of the elements of a § 960 offense. We remand this case for resentencing.

**VACATED and REMANDED for resentencing.**