FILED

FILED

**NOT FOR PUBLICATION**

APR 05 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10426 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00214-SOM-4 |
| v. | |
| JEROME VIERRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 16, 2011
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Jerome Vierra appeals his 90-month sentence following convictions on six

counts of distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A), and (b)(1)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

review the district court's factual findings on Vierra's claim of sentencing entrapment for clear error. *United States v. Ross*, 372 F.3d 1097, 1113-14 (9th Cir. 2004). We vacate Vierra's sentence and remand for resentencing.

Reviewing the district court's analysis of the five factors set forth in *United States v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995), we conclude that Vierra has established sentencing entrapment as a matter of law.[1] Vierra has shown that he was predisposed to distribute only half-gram quantities of methamphetamine prior to the government's inducement and "did not originally intend to . . . sell the larger amount, but manipulation by government agents led the defendant eventually to agree to the larger amount." *Ramirez-Rangel*, 103 F.3d at 1507 (emphasis deleted).

With respect to the first factor, "the character and reputation of the defendant," *McClelland*, 72 F.3d at 722, Vierra testified and the government did

---

[1] *McClelland* described these five factors not as a test for sentencing entrapment, but as a test for the predisposition element of the complete defense of legal entrapment. *Id.* at 722. The district court nonetheless applied the *McClelland* factors in conformance with this Court's instructions on remand. *See United States v. Vierra*, No. 07-10393, 2009 WL 1385976, at *1 (9th Cir. May 19, 2009) (unpub.). It is not apparent that the *McClelland* factors will invariably supply the correct framework within which to assess a claim of sentencing entrapment. In this case, however, our review of the district court's *McClelland* analysis permits us to determine that sentencing entrapment has occurred because "the government induced a target to sell far more of a controlled substance than had formerly been within his practice or resources." *United States v. Ramirez-Rangel*, 103 F.3d 1501, 1506 (9th Cir. 1997) (emphasis deleted), *rev'd on other grounds by Watson v. United States*, 552 U.S. 74, 78 (2007).

not dispute that prior to the informant's inducement, Vierra only provided half-gram, personal-use quantities of methamphetamine to friends, transactions from which he realized no profit. *See United States v. Staufer*, 38 F.3d 1103, 1108 (9th Cir. 1994); *see also United States v. Thomas*, 134 F.3d 975, 977 & n.2, 980 (9th Cir. 1998). It makes no difference that Vierra participated in six methamphetamine transactions, because all six were the product of government inducement. *See Sherman v. United States*, 356 U.S. 369, 374 (1958).

With respect to the second factor, the parties agree that "the government made the initial suggestion of criminal activity." *McClelland*, 72 F.3d at 722.

With respect to the third factor, the district court did not clearly err by concluding that Vierra "engaged in the activity for profit." *Id.* Several witnesses testified that Vierra received methamphetamine skimmed from sales as compensation for facilitating those sales.

With respect to the fourth and "most important" factor, Vierra's "reluctance," *id.*, Vierra and the informant both testified that Vierra refused the informant's daily requests to arrange large-scale methamphetamine transactions over the course of three weeks. Vierra's reticence was only "overcome by repeated government inducement or persuasion." *United States v. Williams*, 547 F.3d 1187, 1198 (9th Cir. 2008) (quoting *United States v. Smith*, 802 F.2d 1119, 1125 (9th Cir.

3

1986)). The government's informant "was the one who would initiate [drug discussions] all the time , . . . and . . . asked [the defendant] repeatedly to help him in drug transactions." *United States v. Martinez*, 122 F.3d 1161, 1164 (9th Cir. 1997) (first alteration in original). *See also, e.g.*, *United States v. Skarie*, 971 F.2d 317, 321 (9th Cir. 1992).

With respect to the fifth factor, "the nature of the government's inducement," *McClelland*, 72 F.3d at 722, Vierra and the informant both testified that the informant employed "friendship, sympathy, and psychological pressure" to persuade Vierra. *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). *See also United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir. 1994). The informant, who was Vierra's marijuana dealer, exploited Vierra's marijuana dependence and his "vulnerable emotional state." *McClelland*, 72 F.3d at 726 n.6. *See also Sherman*, 356 U.S. at 373, 376. The informant earned approximately $50,000 during the five years that he worked for the government, a financial motive that created "a strong incentive to overcome a reluctant contact's resistance." *Martinez*, 122 F.3d at 1165.

Because four of the five *McClelland* factors weigh in Vierra's favor, he has established sentencing entrapment as a matter of law. Vierra's offense level under the Sentencing Guidelines must therefore be recalculated to reflect only the amount

4

of methamphetamine that he was predisposed to distribute prior to the government's inducement. *See United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010) ("In those cases where sentencing entrapment occurs, the amount of drugs used in calculating the defendant's sentence should be reduced by the amount that 'flow[s] from [the] entrapment.'" (quoting *United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir. 1995))); *United States v. Castaneda*, 94 F.3d 592, 595 (9th Cir. 1996); *Naranjo*, 52 F.3d at 251 n.14. *See also* U.S.S.G. § 2D1.1 cmt. n.12 ("If . . . the defendant establishes that the defendant did not intend to provide . . . the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that the defendant did not intend to provide . . . .").

By counting methamphetamine that the government entrapped Vierra into distributing, the district court sentenced Vierra pursuant to an erroneous offense level and Guidelines range. We must therefore remand for resentencing. *See United States v. Garcia-Guerrero*, --- F.3d ---, No. 09-50614, 2011 WL 563859, at *3 (9th Cir. Feb. 23, 2011). Vierra was predisposed to distribute only half-gram quantities of methamphetamine, but he participated in six transactions. Accordingly, on remand, the district court should attribute to Vierra three grams of methamphetamine in computing his offense level. *See* U.S.S.G. § 2D1.1 cmt. n.6.

**VACATED AND REMANDED FOR RESENTENCING.**

*United States v.. Vierra*, No. 09-10426

TASHIMA, Circuit Judge, concurring:

I concur in this disposition, but do so reluctantly under compulsion of the law of the case.

This is the second appeal in this case. In the first appeal, we reversed and remanded for resentencing. *United States v. Vierra*, 2009 WL 1385976 (9th Cir. 2009). As the majority's disposition indicates, the prior panel thought that the sentencing consideration at issue in this case – sentencing entrapment – was controlled by *United States v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995). *See* Maj. Dispo. at 3 n.1. The *McClelland* factors, however, are not to be applied at sentencing, but in evaluating the defense of entrapment at the guilt phase of trial. *See* 72 F.3d at 722. Vierra, in fact, asserted such a defense, but the jury found against him on that defense. In such a context, where the jury has rejected an entrapment defense, it is not at all clear to me that the five *McClelland* factors should, again, be reapplied at the sentencing phase. Nonetheless, we are bound by *Vierra* as the law of the case to apply the *McClelland* factors, wholesale, at sentencing.

Were the correct sentencing entrapment test to be applied, *see, e.g., United States v. Ramirez-Rangel*, 103 F.3d 1501, 1506-08 (9th Cir. 1997), it is not clear to me that the district court's findings upon which the sentence was based were

clearly erroneous or that the district court made a mistake of law in rejecting Vierra's sentencing entrapment argument. I recognize, however, that our mandate in the prior appeal expressly directed the district court to apply the *McClelland* five factor test in considering Vierra's sentencing entrapment contention. *See Vierra*, 2009 WL 1385976, at *1. And this is the test the majority disposition faithfully applies on this second appeal. Thus, bound as I am by the law of the case, I reluctantly concur in this disposition.