**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>VICTOR MANUEL PALMA:<br>aka:  Raul Lopez-Villanueva,<br>aka:  Moreno,<br><br>        Defendant - Appellant. | No. 09-50624<br><br>D.C. No. 2:09-cr-00116-RGK-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 9, 2011
Pasadena, California

Before: B. FLETCHER, and N.R. SMITH, Circuit Judges, and R. BREWSTER, District Judge.[**]

Victor Manuel Palma, a federal prisoner who entered a guilty plea (without a

plea agreement) to five counts of narcotics charges, appeals two aspects of his 87-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

month sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm in part and reverse in part.

Palma first challenges the calculation of the quantity of narcotics used to determine that his base offense level was 34 under the sentencing guidelines.

We agree that only two of the three ounces of methamphetamine delivered on August 13, 2008 should have been included in the calculation.  The objective evidence (namely, payment for the negotiated amount of two ounces) corroborated Palma's intent to deliver only two ounces.  USSG § 2D1.1, comment. (n12) (2008).  Under Application Note 12, "the agreed-upon quantity of the controlled substance *shall* be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense."  *Id.* (emphasis added).  Here, the parties agreed to two ounces, Palma intended to deliver two ounces, the confidential informant agreed to deliver a certain number of cases of counterfeit cigarettes in exchange for two ounces, and the agent marked the evidence bag as containing two ounces.  Neither Palma nor the government informant knew that the package delivered by the supplier weighed three ounces.  These unique and uncontradicted facts establish that Palma's sentence should be calculated by using the agreed-upon amount of two ounces.

Any error in counting the extra ounce was counter-balanced by a separate error – one that benefitted Palma.  The presentence report erroneously omitted from its calculation the one ounce of methamphetamine that Palma delivered on October

2, 2008. The October transaction is described in the factual section of the presentence report but that amount (slightly less than one ounce) was not included in the calculation section. The government brought this error to the attention of the district court and argued that, even if the court sustained Palma's objection to the August transaction, it would not change the base level.[1] United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir. 1990). If we were to remand with instructions to deduct one ounce from the August transaction, the district court would be permitted to correct the other error by adding the ounce involved in the October transaction. United States v. Garcia-Guizar, 234 F.3d 483, 489-91 (9th Cir. 2000).

Therefore, we agree with the district court's ultimate conclusion that the errors in calculating the quantity of methamphetamine would not change Palma's base offense level or his sentence. United States v. Crawford, 185 F.3d 1024, 1029 (9th Cir. 1999).

Palma also challenges the conditions of supervised release concerning his association with the Florencia 13 ("F13") street gang.

Both parties agree that pursuant to our recent decision, United States v. Johnson, 626 F.3d 1085, 1091 (9th Cir. 2010), we must reverse and remand with instructions to strike the language in condition 2 that Palma may not associate with "persons associated with the F13 gang."

---

[1]The presentence report also erred when it converted one ounce to 28.50 grams. The correct conversion is 28.35 grams. This mathematical error is harmless because it did not impact the guidelines range.

By contrast, we uphold the condition barring Palma from wearing, displaying, using, or possessing any clothing or other items that evidences affiliation with the F13 gang.  Id. at 1090-91.  We also affirm the condition prohibiting Palma from being "present in any other area known to him to be a location where F13 gang members meet or assemble."  United States v. Soltero, 510 F.3d 858, 865-67 & n.9 (9th Cir. 2007).

AFFIRMED IN PART and REVERSED IN PART.

**USA v Victor Manuel Palma 09-50624**

N.R. SMITH, Circuit Judge, concurring:

I do not necessarily "agree" that the amount of methamphetamine from the August 13, 2008 transaction should be two, rather than three, ounces.

Application Note 12 provides that "[i]n an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level *unless* the sale is completed and the amount delivered more accurately reflects the scale of the offense." USSG § 2D1.1 (emphasis added). We have previously applied "the agreed upon quantity" in cases in which the sale was not completed; there we affirmed sentences calculated on the amount the defendant agreed to deliver. *E.g.*, *United States v. Lopes-Montes*, 165 F.3d 730, 730-31 (9th Cir. 1999) (defendant delivered half of the amount negotiated before he was arrested). We have not, however, applied Application Note 12 to a case in which the transaction was completed and more drugs were delivered to the buyer than were agreed to be sold. Here, three ounces were actually delivered. Under the plain language of Application Note 12, three ounces "more accurately reflects the scale of the offense." USSG § 2D1.1.

I agree that the intent of Palma would be relevant to the inquiry of whether the sentencing court should have used two or three ounces. *See United States v. Kipp*, 10 F.3d 1463, 1466 (9th Cir. 1996) (the amount of drugs possessed cannot be

used to sentence for intent to distribute without findings of the amount intended for distribution).  However, that is not the only issue in the necessary analysis here.

Yet, we do not need to engage in this analysis in this case.  As the Memorandum Disposition correctly concludes, any error was harmless due to the omission of an ounce of methamphetamine from a later transaction that could be used by the district court on remand to impose the same sentence.  *United States v. Garcia-Guizar*, 234 F.3d 483, 489-91 (9th Cir. 2000).  I therefore concur in the Memorandum Disposition, except the second paragraph.