**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50110 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00068-JVS-1 |
| v. | |
| BOBBY LANGLEY, AKA Robert Langley | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James v. Selna, District Judge, Presiding

Argued and Submitted July 9, 2014
Pasadena, California

Before: BERZON and CLIFTON, Circuit Judges, and ROSENTHAL, District
Judge.[**]

Pursuant to a plea agreement, Defendant Bobby Langley pleaded guilty to

two counts of mail fraud in violation of 18 U.S.C. § 1341.  He appeals the district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for the Southern District of Texas, sitting by designation.

court's imposition of a 21-month sentence, specifically challenging its application of a two-level sentencing enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) for unauthorized transfer or use of a means of identification to produce another means of identification.

**(1)** The government did not breach the plea agreement. The government may breach a plea agreement where it attempts to influence the district court in favor of imposing a sentence greater than the one it agreed to recommend. *United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011). However, "[a] plea agreement does not bar the government from honestly answering the district court's questions. To the contrary, honest response of the government to direct judicial inquiry is a prosecutor's professional obligation that cannot be barred, eroded or impaired by a plea agreement." *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006) (quoting *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000)) (internal quotation marks omitted).

The prosecutor here did not bring up the question of unauthorized use at the sentencing hearing; the district court did. The district court made clear it was inclined to impose the enhancement in its draft Sentencing Memorandum, discussed the unauthorized use issue with the defense, and then turned to the prosecution. The question the district court addressed to the prosecutor at the

sentencing hearing was sufficiently direct that the prosecutor had an obligation to answer it. *Allen*, 434 F.3d at 1175. Moreover, what the prosecutor said in response did not contradict what the defendant had already stated at the sentencing hearing, which was that "many of the names and identification numbers compromised in this case belonged to people who allowed their names and numbers to be compromised." All the prosecutor added to that statement was "but not all of the time," which was implicit in what the defense had already stated. It would be difficult for a prosecutor to say less than she did without violating her duty of candor to the court. *See id.*

Furthermore, the prosecutor consistently recommended the sentence that the government had promised to support in the plea agreement. Asked to opine on the issue of unauthorized use, she first reiterated the government's position that the plea agreement was "fair" and that the government was sticking to its recommendation. She only gave a more responsive statement on the unauthorized use issue when further prompted by the district court.

Because the prosecutor had a duty to respond candidly to the district court's questioning about unauthorized use, and because she did so while still fully supporting the sentencing recommendation previously agreed to, there was no breach.

**(2)** The district court did not err in imposing the sentencing enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) for unauthorized transfer or use of one means of identification to produce another because there was sufficient evidence in the record to support that enhancement.

A district court's factual determinations in sentencing are reviewed for clear error. *See, e.g.*, *United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir. 2013). A finding of fact is clearly erroneous only where it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012) (internal quotation marks omitted).

Here, the district court could properly infer that the use of K.A.'s identification was unauthorized from the fact that the defendant sold K.A.'s information to N.S. While it is theoretically possible that the use of K.A.'s information was nonetheless authorized, it was not clearly erroneous for the court to conclude otherwise, especially in light of the defendant's statement at sentencing that "a lot" of the uses, rather than "all," were authorized. Additionally, the Presentence Report stated that there were unauthorized uses, and Langley implicitly so conceded, by stating only that many of the uses were authorized.

**AFFIRMED.**

4

*United States v. Langley*, No. 13-50110

BERZON, Circuit Judge, concurring in part and dissenting in part.

I concur in Section 1 of the memorandum disposition. For the reasons below, I respectfully dissent from Section 2.

A district court's finding of fact that is "without support in inferences that may be drawn from the facts in the record" is clearly erroneous. *United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012) (internal quotation marks omitted). And, where the application of an enhancement under the sentencing guidelines requires finding additional facts, the government has the burden of proving the necessary facts by a preponderance of the evidence. *See, e.g.*, *United States v. Guzman-Mata*, 579 F.3d 1065, 1072 (9th Cir. 2009).

A district court cannot rely solely on the characterization of a factual record in a Presentence Report ("PSR") where a defendant objects that the evidence supporting this characterization is insufficient. *United States v. Flores*, 725 F.3d 1028, 1040-41 (9th Cir. 2013). Moreover, as "[a] merely speculative logic cannot displace the need for evidence" proving the applicability of an enhancement, "assumption or inference not based on fact" will not do. *Id.* at 1040 (quoting *United States v. Jordan*, 291 F.3d 1091, 1099 (9th Cir. 2002)).

In the plea agreement, Langley stipulated that he knowingly engaged in a

1

scheme to defraud unemployment and disability insurance programs in various states. Langley and an accomplice, N.S., created fictitious companies, falsely reported wages for fictitious employees, and filed for benefits on behalf of those employees. In the course of the scheme, Langley purchased a social security number and driver's license with the identity "K.A." Langley sold the K.A. identity to N.S. and helped N.S. open a bank account using the name K.A with a different social security number, for which N.S. paid Langley.

The PSR departed from the plea agreement in recommending two additional, two-level enhancements for 1) sophisticated means and 2) unauthorized transfer or use of a means of identification to produce or obtain unlawfully another means of identification. The Guidelines' definition of "means of identification" requires that the identification used belong to "an actual (i.e., not fictitious) individual." U.S.S.G. § 2B1.1 cmt. 1; *see also United States v. Hines*, 449 F.3d 808, 816 (7th Cir. 2006). The PSR did not present any facts in support of its conclusion that some of the identifications used were stolen or unauthorized. Nor was the K.A. evidence sufficient to support the unauthorized use enhancement. It proves nothing about whether K.A. even existed, much less whether or not, if she did, she acquiesced in the use of her identity. That K.A.'s information was sold to N.S. does not prove that it was not obtained from her—either for payment or not—with

2

her authorization.

Moreover, although Langley did say at sentencing that "a lot of these identifications were compromised knowingly," he did not say anything about the rest of them. Whatever implication there may be in what he did not say is insufficient to support the district court's conclusion. It was the government's burden to demonstrate by a preponderance of the evidence that there was in fact unauthorized use, and it did not do so. *See Guzman-Mata*, 579 F.3d at 1072. I would therefore hold that the district court erred in imposing the unauthorized use enhancement.

Accordingly, the district court erroneously began with a Guidelines range of 21–27 months when, based on the evidence presented, the correct range was actually 15–21 months. Although discretionary following *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines continue to be "the starting point and initial benchmark" of any sentencing determination. *Gall v. United States*, 552 U.S. 38, 39 (2007). Consequently, "sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly." *United States v. Carty*, 520 F.3d 984, 991(9th Cir. 2008) (en banc) (internal quotation marks omitted). An "improperly calculat[ed] . . . Guidelines range" is a "significant procedural error." *Gall*, 552 U.S. at 51.

3

Here, the district court's Sentencing Memorandum indicated that a 21-month sentence was sufficient but not more than necessary to punish Langley's conduct—conduct which included unauthorized use of a means of identification to produce another. The district court's explanation in the Sentencing Memorandum does not indicate that, absent the misapplication of the unauthorized use enhancement, the district court would have imposed a sentence on the highest end of the then-applicable Guidelines range, offense level 14. *United States v. Crawford*, 185 F.3d 1024, 1029 (9th Cir. 1999), held an error in calculating the defendant's base offense level not harmless where the district court "imposed the lowest sentence possible under the range it [incorrectly] calculated . . . and provided no indication that it would have selected a sentence near the top of that lower range." Similarly here, without the error in calculation, the district court here might have determined a lower sentence to be sufficient.

Because "[a] mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing," *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam), I respectfully dissent.

4